IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| WILLIAM ADAMCZYK<br><br>        Plaintiff,<br>v.<br><br>EARL D. MILLER,<br>MATTHEW GINGERICH,<br>5 STAR INVESTMENT GROUP I, LLC,<br>5 STAR INVESTMENT GROUP V, LLC,<br>5 STAR INVESTMENT GROUP VII, LLC,<br>5 STAR INVESTMENT GROUP, LLC,<br>5 STAR COMMERCIAL, LLC,<br>5 STAR PORTLAND HOLDINGS, LLC,<br>TWIN CITY OF WINSTON SALEM, LLC,<br>SOUTHERN EQUITY GROUP TRUST,<br>METRO HOMES NORTHWEST, LLC, AND<br>DILUSSO HOMES, LLC<br><br>        Defendant. | Case No. 3:17-cv-00252- JVB-MGG |

### DEFENDANT METRO HOMES NORTHWEST, LLC'S
### PARTIAL MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
### PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 9(b) & 12(b)(6)

Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), Defendant Metro Homes Northwest, LLC ("Metro Homes") hereby moves this Court for an order dismissing the claims Plaintiff William Adamczyk ("Plaintiff") asserts against Metro Homes in counts IX and X of his complaint on the ground that Plaintiff fails to plead these fraud claims with the particularity required by Rule 9(b) and fails to state a claim on which relief can be granted.

This motion is supported by the following legal memorandum.

# LEGAL MEMORANDUM

## I. INTRODUCTION

Metro Homes is an Oregon property development company located in Portland, Oregon. ECF No. 30 (Declaration of Randall Palazzo), ¶ 2.

As part of the financing for its development projects, Metro Homes obtained loans from two related Indiana companies – 5 Star Investment Group, LLC, and 5 Star Portland Holdings, LLC.[1] *Id.*, ¶ 4. In connection with these loans, the 5 Star Companies sometimes required Metro Homes to sign addenda to promissory notes between the 5 Star Companies and their investors. *Id.*, ¶ 6. These addenda confirmed that Metro Homes would borrow from the 5 Star Companies certain amounts that the 5 Star Companies received from their investors.

In his Complaint, Plaintiff asserts breach of contract claims against Metro Homes related to two of these promissory notes. *See* ECF No. 1 (Compl.) ¶ 330-32, 339-43. Plaintiff also asserts a claim against Metro Homes for common law fraud arising out of an allegedly false representation contained in one of the two promissory notes, as well as a claim for constructive fraud based on Metro Homes' alleged participation in a constructive fraud allegedly perpetrated on Plaintiff by Earl Miller, Matthew Gingerich, and the 5 Star Companies. *See id.* ¶¶ 349-59.

The factual allegations in Plaintiff's Complaint, however, are insufficient to state a claim for either common law fraud or constructive fraud against Metro Homes, especially in light of Rule 9(b)'s heightened pleading standard.

## II. PLAINTIFF'S FACTUAL ALLEGATIONS

### A. Plaintiff's Investments with the 5 Star Companies

Plaintiff alleges that, in early 2013, he was "recruited by his brother" to invest in one of the 5 Star Companies "as part of a referral program." ECF No. 1 (Compl.) ¶¶ 9, 48. After meeting with an employee at the 5 Star Companies' office and reviewing brochures, Plaintiff

---

[1] 5 Star Investment Group, LLC, 5 Star Portland Holdings, LLC, 5 Star Investment Group I, LLC, 5 Star Investment Group V, LLC, and 5 Star Investment Group VII, LLC, are referred to collectively herein as the "5 Star Companies."

"called a representative from one of the 5 Star Companies in order to sign up and invest." *Id.*, ¶¶ 48, 49. The 5 Star Companies then sent Plaintiff "a packet of documents," which he signed and returned. *Id.*, ¶¶ 49-50.

Plaintiff wired his initial investment of $50,000 "to 5 Star Investment Group V, LLC in exchange for a promissory note." *Id.*, ¶ 50. Plaintiff subsequently made two additional investments of $55,000 and $20,000 respectively, also in exchange for promissory notes. *Id.*, ¶ 51. Plaintiff does not allege Metro Homes had anything to do with his three initial investments.

Plaintiff further alleges that, "[o]ver the next two years, these three principal investments would become associated with ten different properties and ten different corresponding promissory notes as the sums were repeatedly rolled over into new investments." *Id.*, ¶ 55. While Plaintiff does not allege he ever had any interaction, direct or indirect, with anyone purporting to represent Metro Homes, he alleges Metro Homes was listed as an additional borrower on one promissory note he subsequently received relating to his first investment, one promissory note relating to his second investment, and three promissory notes relating to his third investment. *Id.*, ¶¶ 111, 183, 234, 255, 263. Plaintiff further alleges each of the promissory notes that listed Metro Homes as an additional borrower were signed by Randall Palazzo as Metro Homes' manager. *Id.*

B. **The Michigan Avenue Note**

Plaintiff alleges one of the promissory notes signed by Palazzo was "designated for a property at 4134 N. Michigan Ave., Portland Oregon 97217" (the "Michigan Avenue Note"). *Id.* at 178. With respect to this promissory note, Plaintiff alleges:

> In making the material misrepresentation regarding the existence of a lien on the property, and regarding the return of Plaintiff's principal upon sale of the real estate serving as collateral, Metro Homes Northwest, LLC and Dilusso Homes, LLC acted with scienter. When they made the representation in [the Michigan Avenue Note], Metro Homes Northwest, LLC and Dilusso Homes,

Page 3 –   DEFENDANT METRO HOMES NORTHWEST, LLC'S
            PARTIAL MOTION TO DISMISS

> LLC knew or recklessly disregarded the real estate serving as collateral would be sold off without returning Plaintiff's investment.

*Id.*, ¶ 208.

Plaintiff does not, however, allege Metro Homes prepared or played any role in preparing the Michigan Avenue Note. Plaintiff also does not allege Metro Homes made any statements related to Plaintiff's investment in the Michigan Avenue Note. He alleges only that Metro Homes is listed in the Michigan Avenue Note as an additional borrower and that Palazzo signed the note. *See id.*, ¶ 183.

A copy of the Michigan Avenue Note is attached to the Complaint. *See* ECF No. 1-1 at A-52 – A-54. The signature line for Metro Homes (as well as a signature line for Dilusso Homes) are on a stand-alone page separate from the body of the note and the signature lines for Plaintiff and the 5 Star Companies. Other than the signature lines, the page contains a single paragraph stating:

> The below stated borrower signs as an additional borrower on the Promissory Note regarding the joint venture entered therein pertaining to the property known as: 4134 N Michigan Ave., Portland, OR 97217 in promise to repay the lender the amount as specified in Section 1 above.

*See* ECF No. 1-1 at A-54.

### III. LEGAL STANDARDS

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). In considering the motion, the Court must assume that the complaint's factual allegations are true. *See, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1 (2002). The Court then must determine whether the factual allegations are sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, citing *Papasan*

v. *Allain*, 478 U.S. 265, 286 (1986); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Claims sounding in fraud are subject to a heightened pleading standard. Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). "The complaint must be specific with respect to the time, place, and content of the alleged false representations, the method by which the misrepresentations were communicated, and the identities of the parties to those misrepresentations." *Lachmund v. ADM Investor Serv., Inc.*, 191 F.3d 777, 784 (7th Cir. 1999) (citations omitted).

As the Seventh Circuit has held, "[a] complaint that attributes misrepresentations to all defendants, lumped together for pleading purposes, generally is insufficient" under Rule 9(b). *Sears v. Likens*, 912 F.2d 889, 893 (7th Cir. 1990).

## IV.    ARGUMENT

Plaintiff's "fraud and constructive fraud claims are subject to the heightened Rule 9(b) pleading standards." *See Fletcher v. Hoeppner Wagner & Evans, LLP*, No. 2:14-CV-231, 2015 WL 4599439, at *1 (N.D. Ind. July 29, 2015), citing *Cincinnati Life Ins. Co. v. Grottenhuis*, No. 2:10-cv-00205, 2011 WL 1107114, at *8 (S.D. Ind. Mar.23, 2011) (it is "undisputed that the constructive and actual fraud claims are subject to heightened Rule 9(b) pleading standards.").

Because the factual allegations in the Complaint are insufficient to state a claim for fraud or constructive fraud against Metro Homes, much less sufficient to do so with the particularity required by Rule 9(b), those claims must be dismissed.

### A. Plaintiff Fails to State a Claim against Metro Homes for Common Law Fraud.

"To plead a legally sufficient common law fraud claim" under Illinois law,[2] Plaintiff must allege with particularity "that: (1) defendant made a statement; (2) of a material nature; (3) which was untrue; and (4) was known by defendant to be untrue, or was made in culpable ignorance of its truth or falsity; (5) was made for the purpose of inducing reliance by the plaintiff; (6) was actually relied on by the plaintiff; and (7) resulted in the plaintiff's injury." *Small v. Sussman*, 306 Ill. App. 3d 639, 646, 713 N.E.2d 1216 (1999), citing *Johnson v. George J. Ball, Inc.*, 248 Ill. App. 3d 859, 867, 617 N.E.2d 1355 (1993).

Here, Plaintiff fails to plead that Metro Homes made any statement, much less a materially untrue statement. The only factual allegations regarding Metro Homes are: (1) Metro Homes is listed as an additional borrower on certain promissory notes and; (2) Palazzo signed those notes on behalf of Metro Homes. With respect to the Michigan Avenue Note, Plaintiff further alleges that "in making" certain alleged misrepresentations, Metro Homes "acted with scienter" in that it allegedly "knew or recklessly disregarded the real estate serving as collateral would be sold off without returning Plaintiff's investment." ECF No. 1, ¶ 208.

While one might infer from the latter allegation that Plaintiff believes the statements in the Michigan Avenue Note are attributable to Metro Homes, that inference is insufficient to meet the first, and most basic, element of a fraud claim, especially given that each element must be pled with particularity. First, Plaintiff attributes the same statements to Miller and Gingerich (personally and on behalf of the 5 Star Companies) and to Dilusso Homes. *See id.*, ¶¶ 207, 208. As noted above, this type of group pleading is insufficient to state a claim for fraud. *Sears*, 912 F.2d at 893.

---

[2] Plaintiff pleads this fraud and constructive fraud claims under Illinois law. *See* ECF No. 1 at 54-55. Metro Homes assumes for purposes of this Motion that Illinois law in fact applies. In any event, Metro Homes is unaware of any material difference between the elements of claims for common law fraud and constructive fraud under Illinois law as opposed to Indiana or Oregon law.

Page 6 –   DEFENDANT METRO HOMES NORTHWEST, LLC'S
            PARTIAL MOTION TO DISMISS

Second, the Complaint's factual allegations are insufficient to support a conclusion that Metro Homes is liable for statements made in the Michigan Avenue Note. Plaintiff fails to allege, and his allegations do not even suggest, Metro Homes had any role in preparing the Michigan Avenue Note. As the Seventh Circuit has held, a defendant is not liable for alleged misstatements contained in a document that it did not prepare. *See Hillman v. Resolution Trust Corp.*, 66 F.3d 141, 144 (7th Cir. 1995).

It is apparent from the note itself that Metro Homes did not prepare the Michigan Avenue Note; it simply signed an addendum to the note. Even if statements made in the addendum were attributed to Metro Homes, this would not save Plaintiff's claim. The addendum does not contain any of the alleged misstatements identified by Plaintiff.

Plaintiff also fails to adequately plead reliance. A claim "for common law fraud . . . require[s] a showing of actual reliance." *Morse v. Abbott Labs.*, 756 F. Supp. 1108, 1112 (N.D. Ill. 1991), citing *Trautman v. Knights of Columbus*, 121 Ill. App. 3d 911, 460 N.E.2d 350, 352 (1st Dist. 1984) and *Board of Education v. A, C & S, Inc.*, 131 Ill. 2d 428, 546 N.E.2d 580, 591 (1989). Even if Metro Homes were liable for statements made in the Michigan Avenue Note, Plaintiffs fails to allege that he read the note. Absent an allegation that he "actually read" the allegedly misleading statements in the Michigan Avenue Note, Plaintiff's conclusory allegations of reliance "fail[] the particularity requirement of Rule 9(b)." *Id.*

For these reasons, Plaintiff's common law fraud claim against Metro Homes must be dismissed.

**B.     Plaintiff Fails to State a Claim against Metro Homes for Constructive Fraud.**

Plaintiff also fails to state a claim against Metro Homes for constructive fraud.

"Constructive fraud can arise only if there is a confidential or fiduciary relationship between the parties." *Prodromos v. Everen Sec., Inc.*, 341 Ill. App. 3d 718, 726, 793 N.E.2d 151 (2003), citing *Stathis v. Geldermann, Inc.*, 295 Ill. App. 3d 844, 859, 692 N.E.2d 798 (1998).

Plaintiff does not allege that a fiduciary relationship existed between himself and Metro Homes. Instead, Plaintiff alleges Metro Homes "participated" in a constructive fraud allegedly "perpetrated on Plaintiff" by Miller, Gingerich, and the 5 Star Companies. *See* ECF No. 1, ¶¶ 357-58.

Again, however, the only conduct by Metro Homes alleged anywhere in the Complaint is that Palazzo, on behalf of Metro Homes, signed certain promissory notes that listed Metro Homes as an additional borrower. Metro Homes is not aware of any authority suggesting that such minimal factual allegations are sufficient to state a claim for participation in an alleged constructive fraud.

Moreover, Plaintiff has not even sufficiently alleged a fiduciary relationship between himself and Miller, Gingerich, and/or the 5 Star Companies. "As a general rule, no fiduciary relationship exists between a guarantor and a creditor as a matter of law." *Schrager v. N. Cmty. Bank*, 328 Ill. App. 3d 696, 707, 767 N.E.2d 376 (2002) (citation omitted). "If the alleged relationship does not exist as a matter of law, facts from which a fiduciary relationship arises must be pleaded and proved by clear and convincing evidence." *Magna Bank of Madison County v. Jameson*, 237 Ill. App. 3d 614, 618, 604 N.E.2d 541 (1992). The Complaint contains only conclusory allegations that Miller and Gingerich owed a fiduciary duty to Plaintiff. *See* ECF No. 1, ¶¶ 345, 347. Under *Twombly*, such a "formulaic recitation of the elements of a cause of action" are not sufficient to state a claim, even before taking into consideration Rule 9(b)'s heightened pleading standard. *See* 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678.

For these reasons, Plaintiff's constructive fraud claim against Metro Homes must be dismissed.

## V. CONCLUSION

Metro Homes respectfully requests that the Court grant Metro Homes' motion and dismiss Plaintiff's common law fraud and constructive fraud claims against Metro Homes for failure to state a claim.

DATED this 28th day of April, 2017.

METRO HOMES NORTHWEST, LLC

By: s/ James Wieser
**One of Its Attorneys**

**James Wieser**
Wieser & Wyllie, LLP
429 W. Lincoln Highway
Schererville, Indiana 46375
(219) 865-7404
Attorney No. 1232-45

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2017, a copy of the foregoing **Defendant Metro Homes, LLC's Motion to Dismiss for Lack of Personal Jurisdiction** was filed electronically. Notice of this filing will be sent to the attorneys of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/S/ James L. Wieser